UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KASEY HARGE,

                Plaintiff,

-against-

HON. MELISSA T. LEWIS; BRONWYN M. JAMES, E.L. HOLMES; NICOLE GUILIANO; NICOLAS ROVNER; NEW YORK STATE OFFICE OF COURT ADMINISTRATION,

                Defendants.

25-CV-5443 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, Chief United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. §§ 1983, 1985(3), claiming a conspiracy driven by racial discrimination and animus against him as *pro se* criminal defendant. He sues the New York State Office of Court Administration (OCA), and individuals involved with his state criminal proceedings, including Supreme Court Justice Melissa T. Lewis, New York State Assistant Attorney General (AAG) Bronwyn M. James, New York City Assistant District Attorney (ADA) Nicolas Rovner, Court Attorney E.L. Holmes, and former defense counsel, Nicole Guiliano. Plaintiff seeks damages, and requests a temporary restraining order (TRO) enjoining his state criminal proceedings, dismissal of his state criminal indictments, and reforms within the OCA.

    The Court granted Plaintiff's request to proceed *in forma pauperis*, that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint.

## STANDARD OF REVIEW

    The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B);

*see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

**BACKGROUND**

The following facts are drawn from the complaint.[1] Plaintiff Kasey Harge alleges that he is an African-American resident of Brooklyn, New York. He has two criminal cases pending in New York County. Since March 3, 2025, Supreme Court Justice Melissa T. Lewis has presided over Plaintiff's pretrial proceedings. Plaintiff alleges that his defense counsel, Nicole Guiliano, proposed that he change his usual attire at trial, and that she added, "How many black guys wear Givenchy, anyway?" (ECF 1 at 6.) On this basis, on April 21, 2025, Plaintiff filed a motion to proceed *pro se*, in the criminal court, citing racial bias by Guiliano. On the same date, Plaintiff filed an interlocutory appeal of an earlier order by Justice Farber unsealing records from a previously dismissed case against Plaintiff. ADA Nicolas Rovner filed a supplementary Certificate of Compliance and readiness for trial.

On May 1, 2025, Plaintiff filed a motion with the TAP A court clerk challenging the 2023 indictment and the recently filed Certificate of Compliance. ADA Rovner responded on May 5, 2025, submitting supplemental evidence. After a full *Faretta* hearing on May 5, 2025, on the issue of Plaintiff's waiver of the right to counsel, Justice Lewis relieved Guiliano as counsel and, over Plaintiff's objections, appointed new defense counsel Theodore Heirlich.

Plaintiff contends that Justice Lewis's decision on his fully briefed speedy trial motion was due on May 8, 2025, but she failed to issue a decision or provide a reason for her delay. Plaintiff sought to file an emergency *pro se* motion and supplemental brief in support of his earlier challenge to the prosecution's Certificate of Compliant but was informed that future filings must originate from his attorney. On May 14, 2025, Plaintiff filed a mandamus petition

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

with the Appellate Division, First Department. Shortly thereafter, on May 20, 2025, he filed an Article 78 petition for mandamus and prohibition, with a return date of June 9, 2025. On June 4, 2025, ADA Christian Rose opposed the Article 78 petition, and AAG Bronwyn James, as counsel for Justice Lewis, filed an opposition.[2] Plaintiff believes that James's filing in the Article 78 proceedings was untimely and that Justice Lewis is in default.

Court Attorney Holmes sent an email to all parties to the Article 78 proceeding on June 5, 2025, with Judge Gesmer's order granting adjournment, but the order "bears a June 4 signature date." Prompted by Plaintiff, on June 5, 2025, Court Attorney Holmes provided a corrected order dated June 5, 2025. Plaintiff's former counsel Giuliano submitted a letter seeking to be exempted from making any response.

On June 6, 2025, Plaintiff attempted to file a "5019(a) motion" in the Appellate Division, but was informed by the clerk that it could not be filed. On June 20, 2025, Plaintiff filed a letter with the Appellate Court requesting reassignment of Court Attorney Holmes.

Plaintiff asserts claims against Justice Lewis for allegedly having: (1) delayed ruling on Plaintiff's *Faretta* request for 63 days; and (2) failing to rule on his *pro se* speedy trial motion. (ECF 1 at 1.) He sues AAG James for allegedly filing a "false affirmation, defective notice, default and literal confession of a predated order." Court Attorney Holmes is sued for allegedly backdating an order and for her handling of Plaintiff's motions in the Article 78 proceeding. The New York State OCA is sued for the handling of Plaintiff's *in forma pauperis* application, which resulted in him paying filing fees. Defense counsel Guiliano is alleged to have made a racially

---

[2] Plaintiff raises concerns about James's defective filing in the Article 78 proceeding on June 3, 2025, which he says was briefly deleted from the docket and later restored at his request.

4

derogatory comment and "strategically abandoned" Plaintiff as counsel, which is the basis for his claim that Defendants engaged in a racially motivated conspiracy against him.

Plaintiff seeks $3,750,000 in total damages, including $500,000 from each individual defendant for conspiracy and due process violations, and $250,000 for equal protection and First Amendment violations. He also requests a TRO to enjoin state proceedings, dismissal of state indictments, and reforms within the OCA.

## DISCUSSION

**A.     Conspiracy under 42 U.S.C. § 1985(3)**

Plaintiff invokes 42 U.S.C. § 1985(3), alleging that Defendants have engaged in a racially motivated conspiracy to interfere with his civil rights. To state a claim for a civil rights conspiracy under Section 1985(3), a plaintiff must allege: "(1) a conspiracy; (2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and (3) an act in furtherance of the conspiracy; (4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Lalonde v. City of Ogdensburg*, 662 F. Supp. 3d 289, 319 (N.D.N.Y. 2023) (quoting *Britt v. Garcia*, 457 F.3d 264, 269 n.4 (2d Cir. 2006)).  "[T]he [§ 1985(3)] conspiracy must also be motivated by 'some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action.'" *Thomas v. Roach*, 165 F.3d 137, 146 (2d Cir. 1999) (quoting *Mian v. Donaldson, Lufkin & Jenrette Secs. Corp.*, 7 F.3d 1085, 1088 (2d Cir. 1993) (*per curiam*)).

Vague and unsupported assertions of a claim of conspiracy will not suffice. *See, e.g.*, *Wang v. Miller,* 356 F. App'x 516, 517 (2d Cir. 2009) (summary order). To maintain an action under Section 1985(3), "a plaintiff must provide some factual basis supporting a meeting of the

5

minds, such that defendants entered into an agreement, express or tacit, to achieve the unlawful end." *Webb v. Goord*, 340 F.3d 105, 110-11 (2d Cir. 2003) (internal quotation marks omitted).

Here, Plaintiff's conspiracy allegations fail to state a claim under Section 1985. Plaintiff's allegations do not plausibly allege any meeting of the minds, as is required for a conspiracy. Plaintiff alleges that his defense counsel made a racially charged statement. Plaintiff's remaining allegations – that Justice Lewis took 63 days to rule on his motion and has not yet ruled on another, that there were errors in filings by opposing counsel and the Court Attorney, that he paid a filing fee to expedite a motion but review was still delayed pending his filing of a withdrawal of his IFP application – do not include any facts giving rise to an inference of racial discrimination. The complaint is also devoid of allegations that could give rise to an inference that defendants entered into an agreement, express or tacit, to injure Plaintiff based on racial animus. The Court therefore dismisses Plaintiff's allegations of a Section 1985(3) conspiracy to violate his civil rights, for failure to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

B.   **Eleventh Amendment Immunity**

Plaintiff sues the New York State Office of Court Administration (OCA) under Section 1983 for claims relating to his payment of filing fees. "[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . .." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. The Eleventh Amendment extends to the New York State OCA, which is an arm of the state.

New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting Section 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's Section 1983 claims against the State of New York OCA are therefore barred by the Eleventh Amendment and are dismissed.

**C.     Judicial Immunity**

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994).

Judicial immunity does not apply when the judge takes action "outside" her judicial capacity, or action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles,* 502 U.S. at 9-10; *see also Bliven,* 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman,* 435 U.S. 349, 356 (1978).

Plaintiff fails to allege any facts showing that Justice Lewis acted beyond the scope of her judicial responsibilities or in the absence of jurisdiction. *See Mireles*, 509 U.S. at 11-12. Plaintiff sues Justice Lewis for alleged delay in ruling on his applications and for decisions adverse to him in matters pending before her. Because Plaintiff's claims are based on "acts arising out of, or related to, individual cases" before the judge, she is immune from suit for such claims. *Bliven*, 579 F.3d at 210. The Court therefore dismisses Plaintiff's claims against Justice Lewis because

7

they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(iii), and as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the *in forma pauperis* statute].").

Plaintiff also sues Court Attorney Holmes of the Appellate Division, First Department, under Section 1983 for alleged violations of his constitutional rights in the handling of his applications, including failing to mark his motion as an emergency application. Judicial immunity has been extended to court employees, including "administrative officials performing functions closely associated with the judicial process,'" *Montero v. Travis*, 171 F.3d 757, 760 (2d Cir. 1999) (quoting *Butz v. Economou*, 438 U.S. 478, 513 (1978)); *Cleavinger v. Saxner*, 474 U.S. 193, 200 (1985); *see also Ali v. Pollak*, 182 F.3d 898 (2d Cir. 1999) (unpublished opinion) (extending judicial immunity to a pro se law clerk); *Oliva v. Heller*, 839 F.2d 37, 39-40 (2d Cir. 1988) (extending judicial immunity to a judge's law clerk). Plaintiff's allegations against Holmes relate to alleged "backdating" of orders and the handling of his applications, all of which are "closely associated with the judicial process," *Montero*, 171 F.3d at 760. Court Attorney Holmes is therefore immune from suit for damages under Section 1983, and the Court dismisses Plaintiff's Section 1983 claims against Holmes. 28 U.S.C. § 1915(e)(2)(B)(i), (iii).

D.   **Prosecutorial Immunity**

Plaintiff sues ADA Rovner, who is the prosecutor in his pending criminal proceedings. Prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties that are "'intimately associated with the judicial phase of the criminal process.'" *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not

8

the identity of the actor who performed it" (internal quotation marks and citations omitted)). Prosecutors are also absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial." *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009); *see also Ogunkoya v. Monaghan*, 913 F.3d 64, 70-72 (2d Cir. 2019) (holding that ADAs' direction as to where criminal defendant would be arraigned was in preparation for a court proceeding in which the prosecutors were acting as advocates, and ADAs were therefore shielded by absolute immunity (citing, *inter alia*, *Van de Kamp*).

Here, Plaintiff's claims against ADA Rovner are based on actions within the scope of her official duties and associated with the conduct of a trial. Plaintiff alleges, for example, that "on May 5, 2025, ADA Rovner filed an additional copy of supplemental evidence, (Exhibit P) exploiting Plaintiff's lack of counsel in coordination with [Justice] Lewis' delay." (ECF 1 at 6.) Because these claims are based on acts associated with trial, for which ADA Rovner is immune, the Court dismisses these claims. 28 U.S.C. § 1915(e)(2)(b)(i), (iii); *Collazo v. Pagano*, 656 F. 3d 131, 134 (2d Cir. 2011) (holding that claim against prosecutor is frivolous if it arises from conduct that is "intimately associated with the judicial phase of the criminal process").

**E.      Government Attorney Immunity**

Plaintiff sues AAG James, who represented the government in opposing Plaintiff's Article 78 petition, under Section 1983 for alleged violations of his constitutional rights. Government attorneys are immune from suit under Section 1983 for damages "when functioning as an advocate of the state [or local government] in a way that is intimately associated with the judicial process." *Mangiafico v. Blumenthal*, 471 F.3d 391, 396 (2d Cir. 2006). This immunity applies to government attorneys who perform functions "'that can fairly be characterized as closely associated with the conduct of litigation or potential litigation' in civil suits." *Id.* (quoting *Barrett v. United States*, 798 F.2d 565, 572 (2d Cir. 1986)). Plaintiff's claims against

9

James arise from documents that she filed in litigation in his civil suit. As this conduct is "intimately associated with the judicial process," Defendant James is immune from suit for damages under Section 1983. The Court therefore dismisses Plaintiff's Section 1983 claims against James. 28 U.S.C. § 1915(e)(2)(B)(iii).

**F.     Private Parties**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Private parties therefore generally are not liable under the statute. *Sykes v. Bank of America*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

Absent special circumstances suggesting concerted action between an attorney and a state representative, *see Nicholas v. Goord*, 430 F.3d 652, 656 n.7 (2d Cir. 2005) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970)), an attorney's representation of a defendant in state criminal proceedings does not constitute the degree of state involvement or interference necessary to establish a claim under Section 1983, regardless of whether that attorney is privately retained, court-appointed, or employed as a public defender. *See Bourdon v. Loughren*, 386 F.3d 88, 90 (2d Cir. 2004) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981)); *see also Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) (holding that legal aid organization ordinarily is not a state actor for purposes of § 1983); *Frierson-Harris v. Hough*, No. 05-CV-3077, 2006 WL 298658, at *5 (S.D.N.Y. Feb. 7, 2006) ("That a lawyer is an officer of the court does not render him a state actor for purposes of § 1983.")

Plaintiff sues his former defense counsel Guiliano for alleged violations of his constitutional rights. Because Guiliano is a private party who is not alleged to work for any state or other government body, Plaintiff has not stated a claim against Defendant Guiliano under Section 1983. Plaintiff's Section 1983 claim against Guiliano is therefore dismissed for failure to state a claim on which relief can be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

### G.    Request to Enjoin State Criminal Proceedings

Plaintiff asks the Court to enjoin his state proceedings and dismiss the indictments against him. In *Younger v. Harris*, 401 U.S. 37 (1971), the United States Supreme Court held that a federal court may not enjoin a pending state-court criminal proceeding in the absence of special circumstances suggesting bad faith, harassment, or irreparable injury that is both serious and immediate. *See Gibson v. Berryhill*, 411 U.S. 564, 573-74 (1973) (citing *Younger*, 401 U.S. 37); *see also Sprint Commc'ns, Inc. v. Jacobs*, 571 U.S. 69, 72-73 (2013) ("*Younger* exemplifies one class of cases in which federal-court abstention is required:  When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution."). For purposes of *Younger* abstention, bad faith "generally means a prosecution has been brought without a reasonable expectation of obtaining a valid conviction." *Kugler v. Helfant*, 421 U.S. 117, 126 n.6 (1975).

Plaintiff's allegations of brief judicial delays and the denial of his applications are not the type of special circumstances warranting federal court intervention. The Court therefore abstains and will not intervene in Plaintiff's pending criminal proceedings.[3]

---

[3] In limited situations, a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 may be available to a pretrial detainee alleging violations of his constitutional rights in connection with pending criminal proceedings. *See, e.g.*, *Gerstein v. Pugh*, 420 U.S. 103, 108 (1975) (Section 2241 petitions from detainees seeking probable cause hearings could proceed because relief sought was collateral to the criminal proceeding). Nevertheless, a Section 2241 petition cannot be used to "permit the derailment of a pending state proceeding by an attempt to litigate

**H.     Leave to Amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

**I.     State Law Claims**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).

Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

---

constitutional defenses prematurely in federal court." *Braden v. 30th Jud. Cir. Ct.*, 410 U.S. 484, 493 (1973); *see also Allen v. Maribal*, No. 11-CV-2638 (KAM), 2011 WL 3162675, at *1 (E.D.N.Y. 2011) (noting that federal *habeas corpus* is not to be converted into a "pretrial motion forum for state prisoners" (citing *York v. Ward*, 538 F. Supp. 315, 316 (E.D.N.Y. 1982))). Here, Plaintiff does not allege facts showing that he has fully exhausted any constitutional ground for relief, and the Court therefore declines to recharacterize the complaint, in part, as a Section 2241 petition.

## CONCLUSION

Plaintiff's claims under 42 U.S.C. §§ 1983, 1985(3) are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The Court declines, under 28 U.S.C. § 1367(c)(3), to exercise supplemental jurisdiction of any state law claims. Plaintiff's application for a TRO is denied (ECF 5-7), and the Clerk of Court is directed to terminate all pending motions.

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated: July 8, 2025
       New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.